UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUMLEY MOORE,

      Plaintiff,                            Case No. 06-11250

vs.

                                            HONORABLE PAUL D. BORMAN
                                            HONORABLE STEVEN D. PEPE

TROTT and TROTT, P.C.,
DONALD J. KING, GREGORY R. MACKAY
and DEUTSCHE BANK NATIONAL TRUST
COMPANY, In Trust for Registered
Holders of GSAMP Trust 2002-HE2
Mortgage Pass-Through Certificates,
Series 2002-HE-2,

      Defendants.
_____/

### REPORT AND RECOMMENDATION

**I.    PROCEDURAL HISTORY**

Plaintiff filed his original complaint on March 24, 2006, seeking an emergency stay of a judgment of possession related to a non-judicial foreclosure (Dkt. #1). The appeal of this 36th District Court judgment was dismissed by the Wayne County Circuit Court on March 17, 2006, the judgment of possession in favor of the Deutsche Bank National Trust Company ("Deutsche Bank") affirmed and eviction of Plaintiff ordered. Defendants filed a Motion to Dismiss on April 14, 2006, asserting no jurisdiction of federal courts to review challenged state court decisions (Dkt. #5).

On June 22, 2006, Plaintiff was ordered to respond to Defendants' motion to dismiss no later than July 13, 2006 (Dkt. #7). Plaintiff subsequently filed an amended complaint on June

1

26, 2006, and a "Brief in support of claim of Quit Title/money lent" on July 3, 2006 (Dkt. #8 and Dkt. #9). Plaintiff's amended complaint and brief are seriously disjointed and non-responsive. He does not directly address Defendants' motion to dismiss, but rather submits several pages of case law without further explanation. In Plaintiff's amended complaint, he apparently seeks to add two new defendants, Donald J. King and Gregory R. MacKay, attorneys for Trott & Trott and Deutsche Bank.

On August 7, 2006, Defendants filed an Objection to Plaintiff's Amended Complaint and a Motion to Strike Brief in Support of Claim to Quiet Title (Dkt. #11 and Dkt. #12). Defendants allege violations of Fed. R. Civ. P. 15 and 12(f), but do not present any arguments in support of their claims.[1]

This case was referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636 (b)(1)(A)(B). For the reasons stated below, it is RECOMMENDED that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed.

## II.    ANALYSIS

---

[1] We will assume that Defendants are arguing that Rule 15 should prohibit Plaintiff from filing an amended complaint because they have filed a responsive pleading, a motion to dismiss. Yet, a motion to dismiss is not a responsive pleading within the meaning of the rule. Sixth Circuit case law uniformly holds that a responsive pleading is solely one of the pleadings mentioned in Rule 7(a)-other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice. *See, e.g.*, *Youn v. Track, Inc.*, 324 F.3d 409 (6th Cir. 2003); *PNC Securities Corp. v. Finanz-Und GmbH-Liedgens*, 101 F.3d 702 (6th Circ. 1996); *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir.1947); *Kroger Co. v. Adkins Transfer Co.*, 408 F.2d 813 (6th Cir.1969); *Roberts v. Husky Ind., Inc*., 71 F.R.D. 479 (E.D.Tenn.1973); 6 Charles A. Wright, et al., *Federal Practice & Procedure* § 1475, 1483; 3 James A. Moore, *Moore's Federal Practice* § 15.07[2], pp. 15-33 to 15-35 (2d ed. 1985). Plaintiff is allowed to amend his pleading once as a matter of course at any time before a responsive pleading is served, and is therefore free to add additional defendants to his complaint. Fed. R. Civ. P. 15(a).

Plaintiff's original and amended complaints suffer from a number of serious flaws. Although Plaintiff's appeal was dismissed by the Circuit Court for the County of Wayne, Plaintiff's appropriate course of action would be to appeal the decision to the Michigan State Court of Appeals (Dkt. #5, Ex. A).  This Court does not have jurisdiction to review a state court decision when the Plaintiff's case is still pending in state court, as it is here.  *Younger v. Harris*, 401 U.S. 37 (1971).  In order for this Court to have jurisdiction the case would have to be removed from state court to this Court.[2]

Further Plaintiff has also failed to properly allege grounds upon which this Court's jurisdiction depends.  From the record, it does not appear that either Mr. King or Mr. MacKay were personally implicated in federal counts as alleged by Plaintiff (Count I: Money Lent and Count III: Violations of Truth in Lending Law).  Moreover, it appears that Plaintiff and Mr. King and Mr. MacKay are Michigan residents, and therefore do not satisfy the requirements for diversity.  Fed. R. Civ. P. 8(a).

Finally, Plaintiff's complaint asking this Court to stay the state court proceedings cannot be granted as Plaintiff failed to allege that he will suffer irreparable harm if the proceedings continue as required to achieve a stay.  *See, e.g.*, *Alley v. Little*, 447 F.3d 976 (6th Circ. 2006).

### III.   RECOMMENDATION

For the reasons stated above, it is RECOMMENDED that Defendants' Motion to Dismiss be granted and that Plaintiff's Complaint be dismissed, and therefore Defendants' Objection to

---

[2] It appears that Plaintiff may believe he has removed this case to this Court as he checked the box "Removed from State Court" on the Civil Cover Sheet accompanying his complaint.  However this does not comply with the 28 USC § 1446 requirements for removal and Plaintiff has thus not removed the case to this Court.

Plaintiff's Amended Complaint and Motion to Strike Brief in Support of Claim to Quiet Title are rendered moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 31, 2006                                                    s/Steven D. Pepe
Ann Arbor, Michigan                                                       United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on August 31, 2006.

<u>s/Deadrea Eldridge</u><br>
Courtroom Deputy Clerk